`

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN V. LEE,<br><br>    Plaintiff,<br><br>v.<br><br>KITCHABLES PRODUCTS, et al.,<br><br>    Defendants. | Case No. 21-cv-01913-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Pending before the Court is Defendant Amazon's motion to dismiss Plaintiff's First Amended Complaint. Dkt. No. 13 ("Mot."). Plaintiff opposes the motion. Dkt. No. 14 ("Opp."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss.

**I.   BACKGROUND**

Plaintiff alleges that he purchased glass teacups manufactured by Defendant Kitchables and advertised, sold, and distributed through Amazon's website. Dkt. No. 12 ("FAC") ¶¶ 12-19. He further alleges that prior to selling the teacups to him, Defendants were aware that the teacups had exploded when used by other customers, alleging that an earlier customer review on Amazon's website describes one of the teacups exploding. *Id.* ¶¶ 20-21. On this basis, Plaintiff brings the following causes of action under California law: (1) fraudulent concealment; (2) strict liability (manufacturing defect); (3) strict liability (manufacturing and design defect); (4) strict liability (failure to warn); (5) negligence; and (6) breach of implied warranty. *Id.* ¶¶ 31-90. Plaintiff filed his initial complaint in Alameda Superior Court, and Amazon removed the case on the basis of diversity jurisdiction. Dkt. No. 1. Plaintiff then filed an amended complaint on April

1   23, 2021.  Dkt. No. 12 ("FAC").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### III. DISCUSSION

Defendant Amazon moves to dismiss Plaintiff's fraudulent concealment, negligence, strict liability for failure to warn, and breach of implied warranty claims. Mot. 1. Amazon also moves to dismiss Plaintiff's request for punitive damages. *Id.*

#### A. Fraudulent Concealment

Amazon argues that Plaintiff fails to plead particularized facts demonstrating that Amazon took steps to actively conceal the alleged defect and that Plaintiff's allegation of active concealment is undermined by his allegation that Amazon's website contains customers reviews that discuss the alleged defect. Mot. at 3-4. The Court agrees on both counts.

To adequately state a claim for fraudulent concealment, Plaintiff must meet the heightened pleading standard imposed by Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

While "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally" under Rule 9(b), Fed. R. Civ. P. 9, a plaintiff must still identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Plaintiff's fraudulent concealment claim is based on the allegation that Amazon knew of the alleged defect because of a customer review that was publicly available on Amazon's website prior to Plaintiff's purchase. FAC ¶ 21. Nowhere in his complaint or opposition does Plaintiff attempt to explain how a publicly available review can be used to simultaneously impute knowledge of a defect and form the basis of a fraudulent concealment claim. In his opposition, Plaintiff fails to cite a single authority that supports his fraudulent concealment theory. Rather, he repeats the conclusory allegations of the FAC and insists that his claim should stand. Opp. at 3-4.

The Court finds that Plaintiff's conclusory allegations fail to adequately allege who it was that knew of the alleged defect and how that person or entity acted to conceal it, especially given that the alleged knowledge is based on information publicly available on Amazon's website. Although the Court is skeptical that Plaintiff will be able to adequately plead his fraudulent

3

1  concealment claim given the inherent tension in his theory, the Court cannot conclude at this point
2  that amendment is futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)
3  (quotation omitted) (stating that the "court should grant leave to amend even if no request to
4  amend the pleading was made, unless it determines that the pleading could not possibly be cured
5  by the allegation of other facts."). Accordingly, Plaintiff will be given an opportunity to amend
6  his fraudulent concealment claim, which is **DISMISSED WITH LEAVE TO AMEND.**

### B. Negligence

Amazon argues that Plaintiff's negligence claim should be dismissed because Plaintiff's claim consists of conclusory allegations without adequate factual support. Mot. at 4-5.[1] In response, Plaintiff again fails to cite any case law in support of his theory of liability and merely repeats the allegations found in the FAC. Opp. at 4-5. Plaintiff's failure to cite authority is curious given recent California case law that is quite favorable to personal injury plaintiffs attempting to impose liability on online retailers. *See Bolger v. Amazon.com, LLC*, 53 Cal. App. 5th 431 (Cal. Ct. App. 2020), *review denied* (Nov. 18, 2020); *Loomis v. Amazon.com LLC*, 63 Cal. App. 5th 466 (Cal. Ct. App. 2021).

In *Loomis*, the California Court of Appeal held "a duty of care may be imposed on a defendant who is not a manufacturer or seller in the context of a negligent products liability claim." 63 Cal. App. 5th at 487. Given this holding, the Court finds that Plaintiff adequately alleges that Amazon negligently violated its duty of care by continuing to allow exploding teacups to be sold on its website. *See* FAC ¶¶ 70-80.[2]

---

[1] Amazon also claims that Plaintiff fails to state facts identifying any alleged defect in the teacup. Mot. at 5. The Court finds this argument borderline frivolous. Plaintiff clearly alleges that he used the teacup in the manner intended and discovered a defect—i.e., he poured hot liquid into the teacup, and the teacup exploded. FAC ¶ 23. The Court finds that at the motion to dismiss stage this allegation is sufficient to plead an alleged defect in a teacup that was marketed as "shatterproof" and intended to "keep steaming hot drinks at the ideal temperature." *See* FAC ¶ 17.

[2] In a case requiring a federal court to apply California law, the court "must apply the law as it believes the California Supreme Court would apply it." *Gravquick A/S v. Trimble Navigation Int'l, Ltd.,* 323 F.3d 1219, 1222 (9th Cir.2003). "In the absence of a controlling California Supreme Court decision, the [court] must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids." *Id.* Here, the Court sees no reason to conclude that the California Supreme Court would depart from the recent California Court of Appeal decisions on strict products liability, especially given that the California Supreme Court denied review of the

United States District Court
Northern District of California

### C. Strict Liability for Failure to Warn

Amazon argues that Plaintiff's strict liability claim for failure to warn is insufficiently pled because Plaintiff does not allege how the subject warning was inadequate. Mot. at 5-6. Again, neither party cites to the California Court of Appeal's recent extensive discussions of the strict products liability theory and its application to online retailers like Amazon. *Bolger*, 53 Cal. App. 5th 431; *Loomis*, 63 Cal. App. 5th 466. And again, Plaintiff fails to support his claim with any citation to case law and simply reiterates allegations from the FAC. Opp. at 5-6.

Despite the shortcomings of Plaintiff's briefing, the Court finds that Plaintiff's strict liability for failure to warn claim survives the motion for two reasons. The first reason is the California Court of Appeal's holding that that strict products liability may be applied to "Amazon's third-party seller business model." *Loomis*, 63 Cal. App. 5th at 487. The second reason is that Plaintiff alleges that Amazon failed to provide any warning at all about the possibility of an exploding teacup. FAC ¶ 68. Therefore, the Court finds that Plaintiff is not required to describe in detail the inadequacies of a warning that allegedly never existed.

### D. Breach of Implied Warranty

Amazon argues that Plaintiff's breach of implied warranty claim should be dismissed for improper group pleading. Mot. at 6. The Court disagrees with Amazon that the FAC fails to sufficiently differentiate between Amazon and other Defendants. Plaintiff alleges a series of actions by Amazon in particular that allegedly give rise to his breach of implied warranty claim, including advertising, marketing, distribution, and delivery of the teacups. FAC ¶¶ 12-19. Accordingly, the Court finds that Plaintiff has adequately pled his breach of implied warranty claim as to Amazon.

### E. Punitive Damages

Amazon argues that Plaintiff's request for punitive damages should be dismissed because Plaintiff fails to allege any facts that would support a finding that Amazon acted with oppression, fraud, or malice, citing Cal. Civ. Code § 3294(a), which allows for punitive damages when "it is

---

*Bolger* decision in November 2020. Accordingly, the Court finds those decisions to be highly persuasive.

proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Mot. at 6-7.  In response, Plaintiff argues that a Rule 12(b)(6) motion is not a proper vehicle to challenge punitive damages claims and that his allegations against Amazon satisfy the standard for punitive damages.  Opp. at 7.

Plaintiff is incorrect that a Rule 12(b)(6) motion cannot be used to dismiss punitive damages claims.  *See, e.g., Davis v. Capitol Recs., LLC*, No. 12-CV-1602 YGR, 2013 WL 1701746, at *7 (N.D. Cal. Apr. 18, 2013) ("The Ninth Circuit has made plain that a court cannot strike certain damages under Rule 12(f) based upon an argument that they are precluded by law, but has endorsed dismissing them under Rule 12(b)(6) when appropriate." (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974 (9th Cir.2010))).  The Court has already found that Plaintiff failed to adequately allege his fraudulent concealment claim.  In the absence of a viable fraud allegation, the Court also finds that Plaintiff fails to adequately allege facts that would support a finding of "oppression, fraud, or malice."  *See, e.g., Robinson v. J.M. Smucker Co.*, No. 18-CV-04654-HSG, 2019 WL 2029069, at *6 (N.D. Cal. May 8, 2019) (finding that when "punitive damages are limited to circumstances of 'oppression, fraud, or malice'" by Cal. Civ. Code § 3294(a), it is appropriate to dismiss a prayer for punitive damages if the plaintiff fails to plead an adequate factual basis for such a finding).  Accordingly, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's request for punitive damages.

**IV.   CONCLUSION**

The Court **DENIES** Amazon's motion to dismiss as to Plaintiff's negligence, strict liability for failure to warn, and breach of implied warranty claims.  The Court **GRANTS** the motion to dismiss as to Plaintiff's fraudulent concealment claim and request for punitive damages **WITH LEAVE TO AMEND**.  Plaintiff may not add any new causes of action or defendants to an amended complaint, and any amended complaint must be filed within 21 days from the date of this

//
//
//
//

6

1  Order.  The case management conference currently set for July 29, 2021 is **VACATED**.

2  **IT IS SO ORDERED.**

3  Dated:  7/27/2021

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge