UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN V. LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KITCHABLES PRODUCTS, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01913-HSG<br><br>**ORDER REGARDING MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**<br><br>Re: Dkt. No. 30 |

　　　　This is a product liability case where Plaintiff alleges that he bought defective glass teacups manufactured by Defendant Kitchables and advertised, sold, and distributed through Defendant Amazon.com, Inc.'s website. Dkt. No. 12. The deadline to complete fact discovery in this case was April 8, 2022. Dkt. No. 24.

　　　　Before the Court is Plaintiff's motion for an order extending that deadline for the sole purpose of obtaining a Rule 30(b)(6) deposition of defendant Amazon. Dkt. No. 30 at 2. Plaintiff claims there is "good cause" to alter the scheduling order because (1) Plaintiff noticed Amazon's Rule 30(b)(6) deposition on March 10, 2022 to take place on March 28, 2022, but due to scheduling conflicts Amazon did not produce their deponent; and (2) Plaintiff's delay in noticing Amazon's Rule 30(b)(6) deposition was because he had to locate and serve co-defendant Kitchables Products, the manufacturer of the subject, defective tea cups, in advance of Amazon's deposition. *Id.* at 3.

　　　　The Court disagrees and finds Plaintiff's procrastination entirely unjustified. Nothing in Plaintiff's briefing explains how his inability to locate and serve co-defendant Kitchables Products prevented him from noticing Amazon's deposition at any earlier time during the discovery period, which began in July 2021. Dkt. No. 34 at 1. Nor is Plaintiff's "scheduling conflicts" excuse

compelling. Such conflicts are an entirely foreseeable consequence of waiting until a deadline is looming to try to schedule a deposition on a rushed basis. Moreover, any scheduling conflicts could also have been avoided had Plaintiff's counsel followed Civil Local Rule 30-1 and met and conferred with Amazon regarding scheduling *before* serving the deposition notice. And yet, after all of this, it appears that Plaintiff also inexplicably rejected Amazon's initial accommodation offer to schedule the deposition on the last days of fact discovery. *See* Dkt. No. 34 at 2-3.

In short, Plaintiff's conduct is the opposite of "good cause" for altering the Scheduling Order. But because the dispositive motion hearing deadline in this case is not until July 7, 2022, the parties still have time to complete the requested deposition without further wasting the Court's resources or prejudicing either party. The Court therefore **DIRECTS** the parties to complete the Rule 30(b)(6) deposition of defendant Amazon by no later than by June 3, 2022. However, Plaintiff's counsel is further ordered **TO SHOW CAUSE** why the Court should not exercise its inherent powers to sanction him in the amount of Amazon's costs of opposing the present motion, which would have been unnecessary had Plaintiff's counsel acted reasonably. Plaintiff's counsel shall file a statement of four pages or less by May 19, 2022. This Order **TERMINATES** Docket No. 30.

**IT IS SO ORDERED.**

Dated:   5/12/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge