UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN V. LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>KITCHABLES PRODUCTS, et al.,<br><br>        Defendants. | Case No. 21-cv-01913-HSG<br><br>**ORDER ON THE PARTIES' JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 43 |

       This is a product liability case in which Plaintiff alleges that he bought defective glass teacups manufactured by Defendant Kitchables and advertised, sold, and distributed through Defendant Amazon.com, Inc.'s ("Amazon") website. Dkt. No. 12. The deadline to complete fact discovery in this case was April 8, 2022. Dkt. No. 24. After that deadline, on April 18, 2022, Plaintiff moved to extend the fact discovery deadline "for the sole purpose of obtaining a Rule 30(b)(6) deposition of defendant Amazon." *See* Dkt. No. 30 at 6. Plaintiff's motion listed six proposed areas of inquiry for his proposed deposition. *Id.* at 4-5.

       The Court found that Plaintiff's counsel showed "the opposite of 'good cause' for altering the Scheduling Order" because he, among other things, unreasonably procrastinated until the end of fact discovery to try to schedule the deposition. *See* Dkt. No. 38. But because the parties still had time to complete the requested deposition without further wasting the Court's resources or prejudicing either party, the Court directed the parties to complete the deposition by no later than by June 3, 2022. *See id.*

       Plaintiff then noticed a Rule 30(b)(6) deposition of Amazon that listed 27 areas of inquiry. Dkt. No. 43, Ex. 2. Amazon objected to Plaintiff's notice of deposition and produced a witness to testify only on the six areas of inquiry identified in Plaintiff's motion to the Court. *Id.*, Ex. 3. The

Rule 30(b)(6) deposition of Amazon happened on May 31, 2022. *See* Dkt. No. 43 at 1. Plaintiff's counsel now argues that at that deposition Amazon produced a witness with "little knowledge, training, or experience in many of the subject areas of inquiry," and refused to produce documents that were "incorporated into the Notice of Deposition." *Id.* On that basis, Plaintiff's counsel now asks that the deposition be resumed, and Amazon be ordered to provide "competent testimony as to all areas of inquiry." *Id.*

This request is denied. As a reminder, Plaintiff lacked good cause to alter the Scheduling Order to begin with. The Court's Order nevertheless required Amazon to produce a single Rule 30(b)(6) deposition witness, but it required nothing more. In the Court's view, Amazon has satisfied that obligation and was well within its rights to produce a witness to only testify on the six topics identified in Plaintiff's motion to the Court. And since the deadline for the close of fact discovery was over two months ago, the time to litigate motions to compel further evidence or testimony has long passed. Plaintiff's request for additional deposition testimony and documents from Amazon is denied and the Court will not entertain further filings on this issue. Docket No. 43 is **TERMINATED.**

**IT IS SO ORDERED.**

Dated:  6/21/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge